UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
KRISTINA HEMPEL-DUBOIS                     *
                                           *
        Plaintiff,                         *
                                           *
v.                                         *     Case No. 1:11-cv-00009-JD
                                           *
PORTFOLIO RECOVERY ASSOCIATES, INC.        *
                                           *
        and                                *
                                           *
PORTFOLIO RECOVERY ASSOCIATES, LLC         *
A/K/A PORTFOLIO ASSOCIATES                 *
                                           *
        Defendants.                        *
*******************************************

## ANSWER

The Defendants, Portfolio Recovery Associates, Inc. ("PRA Inc.") and Portfolio Recovery Associates, LLC ("PRA LLC"), collectively referred to as "Defendants" hereby answer Plaintiff's Complaint and Amended Complaint as follows:

1. Defendants admit the allegations concerning Plaintiff's address but are without sufficient information to form a belief as to the truth of the remaining allegations, and thus deny them.

2. Defendants admit that their mailing address is 120 Corporate Boulevard, Suite 100, Norfolk, Virginia, but Defendants deny the remaining allegations because they are legal conclusion for which no response is necessary.

3. Defendants admit that PRA LLC contacted Plaintiff on various occasions explaining that it purchased Plaintiff's credit card debt from the two entities alleged in Paragraph

3 and that it was seeking payment of those debts, but Defendants deny that PRA LLC began such contacts in June 2005 or that PRA Inc. made any contact with Plaintiff. Defendants deny any remaining allegations in the first sentence of paragraph 3. Defendants admit that Plaintiff disputed her indebtedness on several questions, and at least once requested a validation of her indebtedness, but Defendants deny the remaining allegations in the third sentence of paragraph 3.

4. Defendants admit that PRA LLC reported Plaintiff's debt to various credit reporting agencies and did not report any dispute by Plaintiff, but deny that they somehow "failed" to or had any obligation to report her dispute. Defendants are aware that Plaintiff on one occasion disputed her indebtedness to at least one credit reporting agency, and admit same. Defendants deny the remaining allegations in Paragraph 4, as either incorrect or because they do not have knowledge as to the truth or falsity of the allegations and thus deny them.

5. Defendants admit the first and second sentence of Paragraph 5, except that Defendants deny PRA Inc. took any part in the litigation. Defendants admit Plaintiff hired Attorney Perkins in the Laconia District Court litigation, but deny the remaining allegations in the last sentence of Paragraph 5.

6. Defendants admit that PRA LLC filed a petition to attach, but deny the remaining allegations in the first sentence and second sentence of Paragraph 6. Defendants admit that the Petition to Attach did contain the quoted language in the third sentence of Paragraph 6, but deny there was any misrepresentation to the Laconia District Court and deny any remaining allegations in the third sentence. Defendants admit that the Petition was sworn to by Ms. Lintz and that she took the oath in Virginia, but deny all remaining allegations in Paragraph 6.

7. Defendants are without sufficient information to form a belief as to the truth of the allegations concerning the timing and manner of service of the Writ of Attachment or the

effects on Plaintiff, and thus deny them. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that PRA LLC filed a summary judgment motion in Laconia District Court, that it provided supporting materials, and that the court denied the Motion. Defendants deny the remaining allegations.

9. Defendants admit only the court dismissed PRA LLC's claims with prejudice and deny the remaining allegations. By way of further explanation, Defendants submit that the Court's decision speaks for itself.

10. Defendants incorporate its previous answers in response to Paragraph 10.

11. Denied.

12. Defendants incorporate its previous answers in response to Paragraph 12.

13. Denied.

14. Defendants incorporate its previous answers in response to Paragraph 14.

15. Denied.

16. Defendants incorporate its previous answers in response to Paragraph 16.

17. Denied.

18. Defendants incorporate its previous answers in response to Paragraph 18.

19. Denied.

20. Defendants incorporate its previous answers in response to Paragraph 20.

21. Denied.

22. Denied.

23. Defendants incorporate its previous answers in response to Paragraph 23.

24. Denied.

25. Defendants incorporate its previous answers in response to Paragraph 25.

26. Denied.

27. Defendants incorporate its previous answers in response to Paragraph 27.

28. Defendants are without sufficient information as to the truth or falsity of the allegations in paragraph 28, and thus deny the same.

29. Denied.

30. Defendants admit that Plaintiff disputed the debts with Equifax sometime in the summer of 2009 but is without sufficient information as to the truth or falsity of the remaining allegations in paragraph 30 and thus denies them.

31. Defendants are without sufficient information as to the truth or falsity of the allegations in paragraph 31, and thus deny the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## STATEMENT OF AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are preempted by federal and/or state statutes.

3. Plaintiff's claims are barred by the doctrines of claim and issue preclusion.

4. Any alleged violations of RSA 358-C, were, if they occurred, the result of a bona fide mistake notwithstanding Portfolio Recovery's procedures designed to avoid such mistakes.

5. Defendants' actions were absolutely and/or conditionally privileged.

6. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

7. Plaintiff has sued the wrong entity.

8. Plaintiff's damages, if any, were the result of her own actions or those of a third party for whom Defendants are not legally responsible.

9. Defendants' alleged actions occurred in the course of litigation, and/or were permitted by order of court, and thus are not actionable.

10. Plaintiff's claims are subject to set-off for any amounts owed to Defendants, or either of them.

11. Plaintiff has failed to mitigate her damages.

12. Defendants' alleged statements, if they actually occurred, were true.

13. Plaintiff has failed to plead fraud with particularity.

14. Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

15. Plaintiff's claims are barred by her own allegations that the underlying obligations are unenforceable.

16. The statutes cited by Plaintiff do not create a private right of action.

Respectfully Submitted,

PORTFOLIO RECOVERY ASSOCIATES, INC.
PORTFOLIO RECOVERY ASSOCIATES, LLC

By Their Attorneys,

SHEEHAN PHINNEY BASS + GREEN,
PROFESSIONAL ASSOCIATION

Dated: January 27, 2011          By: /s/ John-Mark Turner
                                 John-Mark Turner (#15610)
                                 1000 Elm Street, P.O. Box 3701
                                 Manchester, NH 03105-3701
                                 (603) 627-8150
                                 jturner@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Roger B. Phillips, Esquire
Phillips Law Office, PLLC
104 Pleasant Street
Concord, NH 03301


Dated: January 27, 2011          /s/ John-Mark Turner