UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
KRISTINA HEMPEL-DUBOIS            *
                                  *
    Plaintiff,                    *
                                  *
v.                                *   Case No. 1:11-cv-00009-JD
                                  *
PORTFOLIO RECOVERY ASSOCIATES, INC. *
                                  *
    and                           *
                                  *
PORTFOLIO RECOVERY ASSOCIATES, LLC *
A/K/A PORTFOLIO ASSOCIATES        *
                                  *
    Defendants.                   *
*******************************************

DISCOVERY PLAN
Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** February 15, 2011 by telephone.

**COUNSEL PRESENT/REPRESENTING:**

Roger Phillips and Leonard Bennett representing plaintiff Kristina Hempel-Dubois

John-Mark Turner, representing defendants Portfolio Recovery Associates, Inc. and Portfolio Recovery Associates, LLC

CASE SUMMARY

**THEORY OF LIABILITY:**

Defendant is self-described a "one of the largest acquirers of distressed consumer debt in the nation." It purchases portfolios of credit accounts for pennies on the dollar from creditors that have previously written the debt off as uncollectible. Such purchases are solely of a simple electronic file providing the most basic of information about the accounts PRA purchases –

1

consumer name, address and other identifying information, the balance and interest rate of the account and where it came from.  No actual documents are purchased or provided.  No individualized review or human discretion is involved.  Such "automated" collection processes require a degree of actual dishonesty by the debt buyer in its collection efforts.  In this instance, a case about Portfolio's unsuccessful attempts to collect money from the Plaintiff on two accounts she did not owe, Defendant knowingly made materially false statements to the state court and the Plaintiff in its collection attempts.

Portfolio initially sued the Plaintiff in Laconia District Court and obtained an ex parte attachment on commencement of that action.  Prior to that point, the Plaintiff had made multiple disputes to Portfolio and had unsuccessfully requested meaningful information or documents regarding the accounts and the Dubois' supposed indebtedness.  In April 2008, the state court found in favor of the Plaintiff and the court granted Dubois' motion for directed verdict Portfolio's case.  After Portfolio lost its collection action, it continued collection calls to Dubois' home and cell phone. Portfolio claims that 43 phone calls were made after Dubois received the favorable court ruling and Dubois' claims that there were more even that that.  Amongst other threats made in those calls, the Portfolio collection employee claimed that it was going to report this debt to hurt the Plaintiff's credit.  And certainly it has fulfilled that threat.  In 2007, the Plaintiff had previously and unsuccessfully disputed Portfolio's inaccurate credit reporting with the national consumer reporting agencies.  She did so again in 2009, after the state court dismissed with prejudice Portfolio's collection action.  In each of these instances, Portfolio responded to the credit bureaus that had "verified" that the dismissed accounts were due and owing by the Plaintiff.  It did so despite having no actual knowledge as to the veracity of that claim.

Portfolio's defense in the state court case now removed to this forum was that it had a good faith belief in the assertions it had made that Dubois owed Portfolio for payment of the two dismissed account. Not only is there no evidence to support this conclusion, but to even make such assertion Portfolio had to deceive its local counsel into filing a materially false affidavit allegedly supporting its summary judgment motion. Approximately two years ago, an unrelated consumer discovered that portfolio was using in its collection actions affidavits signed by a woman who in the document claimed personal knowledge of the collection indebtedness. The problem is, these affidavits – thousands it turned out – were signed years after that employee had died. Defendant's court and collection fraud was the subject of a national class action and even a Wall Street Journal article. Remarkably, while it settled its national class action based on the fraud documents in Montana and received final approval of the settlement in Spring 2010, in this case it used one of those very affidavits to support its now aborted Summary judgment Motion.[1]

While Plaintiff will shortly file her Amended Complaint, the claims she will assert are largely known to Defendant. The relevant counts and claims will be:

*Malicious Prosecution and/or Abuse of Process.* The defendant initiated civil proceedings in the Laconia District Court against the plaintiff without probable cause, with malice and made false representations. The defendant wrongfully, willfully and maliciously used legal process against the plaintiff to collect money from the plaintiff which was not due the defendant, causing harm to the plaintiff, including, but not limited to, incurring legal fees in defending herself in the lawsuit. The civil proceedings ended in the plaintiff's favor. Plaintiff also seeks enhanced damages as Portfolio's conduct was intentional and malicious.

---

[1] Plaintiff's Virginia counsel informed Plaintiff's New Hampshire counsel and then Defendant's New Hampshire counsel of the "affidavit" issue in January. Neither was previously aware of the fraud and Defendant's New Hampshire counsel then promptly withdrew the pending state Summary Judgment motion.

*Violation of New Hampshire Chapter 358-C, Unfair, Deceptive or Unreasonable Collection Practices.* The defendant did continually call the plaintiff on the telephone, morning, noon and night, on her home phone and on her cell phone; repeatedly, continuously, and knowing said calls would be inconvenient, with the intent to abuse, oppress and harass the plaintiff; said calls continued after plaintiff notified defendant to not call her at home and also continued after defendant lost its case in the Laconia District Court against the plaintiff; and despite the plaintiff having written and communicated to the defendant not call her to collect this debt, the defendant nevertheless continued to make telephone calls to plaintiff, even after the court ruled that the plaintiff was not indebted to the defendant, the plaintiff, as a result of the defendant's actions was damaged, including costs and reasonable attorney's fees.

*Violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).* Following the directed verdict in plaintiff's favor in the Laconia District Court, the plaintiff learned that the credit reporting agencies were still reporting the Portfolio indebtedness as previously set forth herein as the obligation of the plaintiff. The Portfolio reporting was inaccurate. The plaintiff was never obligated on these accounts and/or never legally responsible for same. The plaintiff had disputed these Portfolio accounts with the credit reporting agencies (CRAs), but did so again by letter to the CRAs dated June 19, 2009. On or about July 16, 2009, Equifax reported its results of an investigation to the plaintiff and advised the plaintiff that the Portfolio collection account had been verified by Portfolio and that the account would remain on the plaintiff's credit report. On one or more occasions within the two years prior to filing this writ, Portfolio violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute and correct its inaccurate credit reporting. The FCRA provides for actual damages for a negligent violation and punitive damages for a willful (reckless) violation, as well

as attorneys fees and costs. 15 U.S.C. §§ 1681n and 1681o.

**THEORY OF DEFENSE:** Plaintiff has informed Defendants that she will be filing an amended complaint. Therefore, the theory of defense may change depending on the substances of the amended complaint. At this time, however, Defendants believe judgment should issue in their favor for numerous reasons, including the following. First, Plaintiff's state law malicious prosecution/abuse of process claims fail because PRA LLC had probable cause for its suit and did not use any process in a manner for which it wasn't designed. Second, Plaintiff's defamation claim is preempted by the Fair Credit Reporting act and is barred by the statute of limitations. Third, the claims under RSA 358-C fail, because to the extent any calls to Plaintiff violated the Act, they were the result of a bona fide mistake. Fourth, the claims under 359-B fail as a matter of law because that statute does not confer a private right of action, PRA LLC is a furnisher not a user of information, and the claims are time-barred. Fifth, the emotional distress tort claims fail because they are preempted by the Fair Credit Reporting Act, and because, the allegations do not amount, as a matter of law, to extreme and outrageous conduct or to conduct that resulted in physical injury. Sixth, the good faith and fair dealing claim fails because Plaintiff alleges there was no contract with the Defendants and because it is time barred. Seventh, the enhanced damages claim fails because Defendants did not act wantonly or maliciously, and because her other claims fail. Eighth, Defendants believe a variety of other affirmative defenses (as disclosed in the Answer) may apply, including claim or issue preclusion based on the underlying collection action, and that various litigation-related privileges apply. Finally, Plaintiff cannot make out any emotional distress damages because any such distress is not severe and she has not sought any medical treatment for same. Defendants expect to pursue further objections to Plaintiff's damages when she describes them with more specificity.

**DAMAGES:**

**DEMAND:**   March 1, 2011

**OFFER:**   April 1, 2011

**JURISDICTIONAL QUESTIONS:**  None

**QUESTIONS OF LAW:**

The questions of law include those involved the defenses described above.

**TYPE OF TRIAL:** Jury Trial

## DISCOVERY

**TRACK ASSIGNMENT:**  The parties ask the Court to assign the case to a Standard Track of 12 months.

**DISCOVERY NEEDED:**

The parties are continuing to discuss the discovery needed.  At this time, they anticipate discovery into, among other things, Defendants' contacts with Plaintiff and the underlying collection litigation, as well as Plaintiff's damages and medical condition.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**

The parties have agreed to exchange mandatory disclosure documents by April 4, 2011.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**

The parties will comply with the Federal Rules in making and preserving any disclosures or production of electronic discovery.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION OF MATERIALS (Fed. R. Civ. P. 26(f))**

The parties will comply with the Federal Rules regarding claims of privilege, protection of trial preparation materials and return of privilege materials that have been inadvertently disclosed by the opposing party.  The parties will jointly prepare and submit to the Court a proposed

protective order to facilitate the production of materials that are not protected by the attorney client or attorney work product privilege, but contain confidential or proprietary information.

**COMPLETION OF DISCOVERY:**

Date by which all discovery will be completed: January 13, 2012

**INTERROGATORIES:**

A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION:**

A maximum of 50 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

A maximum of 10 depositions by plaintiff and 10 by defendant (excluding expert depositions). Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS (IF ANY) AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff:** September 1, 2011

**Defendants:** November 1, 2011

Expert disclosures, if any, will be supplemented as soon as possible and no later than thirty (30) before the close of Discovery.

**CHALLEGES TO EXPERT TESTIMONY:**

Any challenge or objection to the qualification or admission of testimony by a proposed expert witness will be served no later than 45 days prior to trial.

## OTHER ITEMS

**JOINDER OF ADDITIONAL PARTIES:**

    **Plaintiff:**    **April 1, 2011**

    **Defendants:**    **April 1, 2011**

**THIRD-PARTY ACTIONS:**   **April 1, 2011**

**AMENDMENT OF PLEADINGS:**

    **Plaintiff:**    **April 1, 2011**

    **Defendants:**    **April 1, 2011**

**DISPOSITIVE MOTIONS:**

    **To Dismiss:**    **June 1, 2011.**

    **For Summary Judgment:**   **120 days prior to trial.**

**SETTLEMENT POSSIBILITIES:**

The parties are still evaluating the potential for settlement.

**JOINT STATEMENT RE MEDIATION:**

The parties are still evaluating whether mediation would be helpful at this time.

**WITNESSES AND EXHIBITS:**

Due 10 days before final pretrial conference but not less than 30 days before trial for lists (included in final pretrial statements) and 14 days after service of final pretrial statement for objections--set by clerk's notice of trial assignment.

**TRIAL ESTIMATE:** 3-5 days

**TRIAL DATE:** Two-week period starting February 22 and 27.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order.

**OTHER MATTERS:** None.

Dated: March 2, 2011
/s/ Roger B. Phillips
Roger B. Phillips (#_____)
Phillips Law Office, PLLC
104 Pleasant Street
Concord, NH  03301

*Attorney for Plaintiff*
*Kristina Hempel-Dubois*

AND

Dated: March 2, 2011
/s/ John-Mark Turner
John-Mark Turner (#15610)
SHEEHAN, PHINNEY, BASS + GREEN,  P.A.
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105
Tel. (603) 627-8150
jturner@sheehan.com

*Attorney for Defendants Portfolio Recovery*
*Associates, Inc. and Portfolio Recovery*
*Associates, LLC*