UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
KRISTINA HEMPEL-DUBOIS                             \*
                                                   \*
        Plaintiff,                                 \*
                                                   \*
v.                                                 \*   Case No. 1:11-cv-00009-JD
                                                   \*
PORTFOLIO RECOVERY ASSOCIATES, LLC                 \*
                                                   \*
        Defendant                                  \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO FIRST AMENDED COMPLAINT

The Defendant Portfolio Recovery Associates, LLC ("PRA"), hereby answers Plaintiff's Complaint and Amended Complaint as follows:

1.      PRA admits that it buys various portfolios of loans at negotiated, discounted rates. It denies the remaining allegations in Paragraph 1.

2.      PRA admits that it made collections calls to Plaintiff over various time periods, but denies all remaining allegations in Paragraph 2, which are in any event more argument than substantive allegations.

3.      Since Paragraph 3 contains no more than a summary of Plaintiff's claims, no response is necessary, but PRA denies that is liable to Plaintiff on any theory.

4.      Admitted.

5.      PRA admits the allegations concerning Plaintiff's address, but is without sufficient information to form a belief as to the truth of the allegation concerning her single mother status, and thus denies it.

6. PRA admits that it is a limited liability company organized under the laws of Delaware, that its principal business address is 120 Corporate Boulevard, Suite 100, Norfolk, Virginia, and that it is engaged in the purchase of debt and debt collection, but PRA denies the remaining allegations because they are legal conclusion for which no response is necessary.

7. PRA admits that it contacted Plaintiff on various occasions explaining that it purchased Plaintiff's credit card debt from the two entities alleged in Paragraph 7 and that it was seeking payment of those debts, but it denies that it began such contacts in June 2005. Defendants deny any remaining allegations in the first sentence of paragraph 7. PRA admits that Plaintiff disputed her indebtedness on several occasions, and at least once requested a validation of her indebtedness, but PRA denies the remaining allegations in the third sentence of paragraph 7.

8. PRA admits only that it attempted to collect the two debts. The remaining allegations are denied.

9. Admitted.

10. PRA admits that it did not have a copy of the credit card contract at the time suit was brought, but denies the remaining allegations in the first sentence of paragraph 10. PRA denies that at the time it filed suit the only documentation it had was a one page electronic sheet from Washington Mutual evidencing the debt, and by way of further explanation, it avers that it had the various representations and warranties from Providian/Washington Mutual in the purchase agreement concerning the debt.

11. PRA admits that it did not have a copy of the credit card contract at the time suit was brought, but denies the remaining allegations in the first sentence of paragraph 11. PRA denies that at the time it filed suit the only documentation it had was a one page electronic sheet

from Midland Credit Management evidencing the debt, and by way of further explanation, it avers that it had the various representations and warranties from Midland in the purchase agreement concerning the debt.

12. PRA is without sufficient information to form a belief as to the truth of the allegations in paragraph 12 and thus denies them.

13. Denied.

14. Denied.  By way of further explanation, PRA avers that while Ms. Lintz made the misstatement concerning recovering judgment in the petition to attach, authored by counsel, Ms. Lintz's accompanying affidavit made clear that PRA was seeking judgment.

15. PRA admits only that a deputy sheriff served the writ of attachment on her on July 9, 2007.  PRA denies the remaining allegations.

16. PRA admits only that it filed a motion for summary judgment in the Laconia District Court litigation and that it provided supporting materials for that motion.  PRA denies the remaining allegations.

17. PRA admits only that Plaintiff filed a pro se appearance and later retained Mr. Perkins to represent her at trial.  PRA denies the remaining allegations.

18. PRA admits that it obtained the Kunkle affidavit from Washington Mutual and that it verified Plaintiff's indebtedness.  PRA denies the remaining allegations.  By way of further explanation, PRA avers that Plaintiff's counsel knows full well that Martha Kunkle is alive and worked at Washington Mutual and that there was no forgery.

19. PRA admits that the Laconia District Court granted Plaintiff's motion for directed verdict.  PRA denies any remaining allegations.

20. PRA admits that following the conclusion of the Laconia District Court litigation it made additional calls to Plaintiff and sent correspondence to Plaintiff. It denies the remaining allegations.

21. PRA is without sufficient information to form a belief as to the truth of the allegations concerning Plaintiff's state of mind and thus denies the same.

22. Denied.

23. PRA is without sufficient information to form a belief as to the truth of the allegations in paragraph 23 and thus denies them.

24. PRA is without sufficient information to form a belief as to the truth of the allegations in paragraph 24 and thus denies them.

25. Admitted.

26. PRA admits the first two sentences of Paragraph 26, and further avers that it claimed in the Belknap Litigation that more than just the Kunkle affidavit gave it a basis to file suit. PRA denies the last sentence.

27. PRA denies the first two sentences, except it admits it had been sued in what eventually became a class action in Montana. PRA admits that it attached an affidavit from Martha Kunkle to its summary judgment motion in the Belknap County litigation.

28. Denied.

29. PRA admits it removed this case to this court, that it withdrew its summary judgment motion, and that the withdrawal occurred following a January call between counsel. It otherwise denies the allegations in Paragraph 29.

30. Denied.

31. Defendant admits that it received one notice of a dispute from in July 2009 from a credit bureau. It denies the remaining allegations.

32. Defendant incorporates its previous responses into this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant incorporates its previous responses into this paragraph.

38. PRA admits that it made collection calls after the conclusion of the Laconia District Court case and after Plaintiff informed PRA employees not to call her and that she was represented by an attorney. PRA denies the remaining allegations.

39. Denied.

40. Defendant incorporates its previous responses into this paragraph.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Defendant incorporates its previous responses into this paragraph.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant incorporates its previous responses into this paragraph.

55. Defendant denies that it uses an "automated dialer." Defendant denies that there were a large amount of calls considering the time period. Defendant is without sufficient knowledge concerning Plaintiff's cell phone numbers to provide a belief as to the truth of the allegations concerning calls to her cell phone, and thus denies the allegations.

56. Admitted.

57. Denied.

58. PRA admits that Plaintiff did not tell it expressly that they had permission to call her and that at some point Plaintiff was represented by counsel. PRA denies the remaining allegations.

59. Denied.

60. Denied.

61. Denied.

62. PRA denies the allegations in the second paragraph denominated paragraph "61."

## STATEMENT OF AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrines of claim and issue preclusion.

3. Defendants' actions were absolutely and/or conditionally privileged.

4. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

5. Plaintiff's damages, if any, were the result of her own actions or those of a third party for whom Defendants' are not legally responsible.

6. Defendants' alleged actions occurred in the course of litigation, and/or were permitted by order of court, and thus are not actionable.

7. Plaintiff's claims are subject to set-off for any amounts owed to Defendants', or either of them.

8. Plaintiff has failed to mitigate her damages.

9. Plaintiff has failed to plead fraud with particularity.

10. Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

11. Plaintiff's claims are barred by her own allegations that the underlying obligations are unenforceable.

                                                Respectfully Submitted,

                                                PORTFOLIO RECOVERY ASSOCIATES, LLC

                                                By Its Attorneys,

                                                SHEEHAN PHINNEY BASS + GREEN, PROFESSIONAL ASSOCIATION

Dated:  April 25, 2011                    By:  /s/ John-Mark Turner_____
                                                   John-Mark Turner (#15610)
                                                   1000 Elm Street, P.O. Box 3701
                                                 Manchester, NH 03105-3701
                                                 (603) 627-8150
                                                 jturner@sheehan.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Roger B. Phillips
Phillips Law Office, PLLC
104 Pleasant Street
Concord, NH 03301


Dated:  April 25, 2011       /s/ John-Mark Turner