UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
KRISTINA HEMPEL-DUBOIS                     *
                                           *
          Plaintiff,                       *
                                           *
v.                                         *     Case No. 1:11-cv-00009-JD
                                           *
PORTFOLIO RECOVERY ASSOCIATES, LLC         *
A/K/A PORTFOLIO ASSOCIATES                 *
                                           *
          Defendant.                       *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNT FOUR OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES, the Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its attorneys, Sheehan Phinney Bass + Green, P.A., and submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings with Respect to Count Four of Plaintiff's First Amended Complaint.

**I.      INTRODUCTION**

This Court should issue judgment in Defendant's favor on Plaintiff's abuse of process (Count 4) claim. It is not facially plausible because she fails to explain how PRA used the attachment process in a manner for which it was not designed.

**II.     FACTUAL BACKGROUND[1]**

This case involves two credit cards Plaintiff took out in the early 2000s, a Providian MasterCard account and an Aspire Visa account. See First Amended Complaint ¶9. The Plaintiff never alleges that she did not take out these credit cards. She does not deny making

---

[1] The facts are taken from Plaintiff's allegations in her First Amended Complaint, which the Court must accept as true for purposes of this Motion. Defendant obviously disputes many of the allegations.

payments on the cards or purchasing products and services with the cards.  Instead, she alleges in a hyper-technical way that she "was never obligated on these accounts and/or never legally responsible for same."  Id. ¶22.  According to Plaintiff, PRA began collection efforts in June 2005.  Id. ¶8.

Thereafter, PRA instituted a collection action against Plaintiff in the Laconia District Court in April 2007.  Id. ¶9.  Plaintiff moved for an attachment, which the Court subsequently granted.  Id. ¶15.  PRA's claims were later dismissed by the District Court and Plaintiff filed this case in the Belknap Country Superior Court alleging various state law causes of action allegedly arising from PRA's debt collection efforts and conduct during the District Court collection action.  Id. ¶25.  When Plaintiff amended its complaint to add a federal claim, PRA removed the case to this Court pursuant to 28 U.S.C. § 1441 and 1446.  Id. ¶29.

**III.    STANDARD OF REVIEW**

To survive a motion for judgment on the pleadings, which is assessed like a 12(b)(6) motion, see Fotos v. Internet Commerce Express, Inc., 154 F. Supp. 2d 212, 213 (D.N.H. 2001), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  A Rule 12(c) motion should be granted, however, if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist."  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir.2008) (citations omitted).  When considering a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings 12(c), courts in this circuit "assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom." Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009) (quoting Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)).

IV. **THIS COURT MUST DISMISS PLAINTIFF'S ABUSE OF PROCESS CLAIM BECAUSE SHE FAILS TO ALLEGE THAT PRA USED THE NEW HAMPSHIRE PRE-JUDGMENT ATTACHMENT PROCESS FOR A PURPOSE FOR WHICH IT WAS NOT DESIGNED**

To prevail on her abuse of process claim, plaintiff must prove the following elements: "(1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abused process." Long v. Long, 136 N.H. 25, 29 (1992). In Cabletron Systems v. Miller, 140 N.H. 55, 57, 58 (1995), the New Hampshire Supreme Court reasoned that "the tort [of abuse of process] comprises two essential elements: an ulterior purpose and a wilful act in the use of the process not proper in the regular conduct of the proceeding." In New Hampshire, "[a]n action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue while the former is concerned with the improper use of process *after* it has been issued." 8 Richard B. McNamara, N.H. Practice: Tort and Insurance Practice § 2.09 (2003) (emphasis added).

Plaintiff has not shown that PRA used the prejudgment attachment process for a purpose for which it was not designed. The only alleged "process" in Plaintiff's First Amended Complaint is the prejudgment attachment PRA sought, and the Laconia District Court issued. See First Amended Complaint at ¶¶ 48-52. Plaintiff avers that PRA abused the attachment process by: (i) not following the prejudgment attachment laws and court rules; (ii) submitting false information in its affidavit in support of its petition to attach; and (iii) bringing the attachment with the ulterior purpose to gain a collateral advantage such as preventing the sale or mortgage or using the attachment process as a "threat or a club." Id. None of these allegations

3

suffice to support a recovery for abuse of process because they all concern PRA's conduct in procuring the attachment.

Since abuse of process is concerned with the improper use of process after it has been issued, conduct in the procurement of process is irrelevant. See 8 McNamara §2.09 (noting that abuse of process governs conduct after the process has been issued); Restatement (Second) of Torts § 682 cmt. a ("The gravamen of the misconduct for which the liability stated in this section is imposed *is not the wrongful procurement of legal process* . . . .") (emphasis added). Thus, Plaintiff's allegations that PRA was motivated to harm her are not actionable. See Restatement (Second) Torts § 682 cmt. b ("[T]here is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive or spite or an ulterior purpose of benefit to the defendant."). Similarly, the allegations that the attachment was wrongfully granted are inconsequential. See Cabletron Sys., 140 N.H. at 58 ("The issuance of process itself, however, does not constitute the tort."). Furthermore, Plaintiff's claim that PRA sought to use the attachment to "prevent the sale or mortgage of real estate" does not support recovery. See, e.g., Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 639 (2010) ("Encumbrances on property may make it difficult for that property to be sold. That circumstance, without more, does not amount to an abuse of the attachment process."). Finally, to the extent Plaintiff argues that PRA committed an abuse of process by continuing to trial knowing that it lacked documentation to support its claims, these allegations serve to support her malicious prosecution claim, not her abuse of process claim. See 8 McNamara §2.09; Restatement (Second) of Torts § 682 cmt. a.

Once PRA obtained the attachment, it used the attachment to secure its potential judgment in the Laconia collection action. This is not abuse of process; this is using the

attachment process in the exact manner for which it was designed.  Plaintiff's abuse of process claims bears a striking similarity to the claims rejected in <u>Clipper Affiliates v. Checovich</u>, 138 N.H. 271, 277 (1994).  The counterclaim-plaintiff in that case alleged that a petition to attach constituted abuse of process along with a general argument that the entire suit brought by the plaintiff/counterclaim-defendant was brought "to retaliate and harass" the counterclaim-plaintiff.  The Supreme Court rejected the claim, noting that a petition to attach with notice, like PRA's, "sought only security for a contemplated judgment in the underlying action."  <u>Id.</u>  According to the Court, "[t]here is no liability where a party has done nothing more than carry out the process to its authorized conclusion, even though with ulterior intentions."  <u>Id.</u>  All PRA did in this case is bring a suit and obtain an attachment, i.e. carry out the process to an authorized conclusion.  As in <u>Clipper Affiliates</u>, the claim must fail.  <u>See also</u> <u>Ladd v. Polidoro</u>, 424 Mass. 196, 200 (1997) (holding defendant not liable for abuse of process where meritless action filed and attachment obtained because there was no proof of using attachment for unlawful purpose after issuance).

  Plaintiff has also failed to identify any damages that flowed from PRA's alleged abuse of the attachment process.  As with all intentional torts, Plaintiff must allege damages in order to recover for abuse of process.  <u>See</u> <u>Long</u>, 136 N.H. at 29.  While Plaintiff contends she is entitled to damages resulting from PRA's conduct, the damages claimed potentially support her malicious prosecution and other related claims, but not her abuse of process claim.  <u>See</u> First Amended Complaint ¶53 ("The Plaintiff is entitled to damages and enhanced damages as a result of [PRA's] conduct, because of its outrageous conduct in engaging in harassing phone within three years this suit, by relying on inadequate documentation in bringing this suit and relying on false affidavits in support of its claims in the Laconia District Court and the Belknap Superior

Court and Defendant's conduct taken as a whole, was wanton, malicious and oppressive."). Despite Plaintiff's attempt to co-mingle her damages from the various counts, her complaint is devoid of any causal link between the alleged abuse of process and the damages alleged. She has, thus, failed to plead an essential element of the tort.

V.     CONCLUSION

For the reasons stated above, PRA respectfully requests that this Court dismiss Count Four Plaintiff's First Amended Complaint.

                              Respectfully submitted,

                              **PORTFOLIO RECOVERY ASSOCIATES, LLC**

                              By its attorneys,

                              **SHEEHAN PHINNEY BASS + GREEN
                              PROFESSIONAL ASSOCIATION**

Dated: June 1, 2011        By:    /s/ John-Mark Turner
                                  John-Mark Turner, N.H. Bar. No. 15610
                                  Jason D. Gregoire, N.H. Bar No. 20092
                                  1000 Elm Street, P.O. Box 3701
                                  Manchester, NH  03101
                                  (603) 627-8150
                                  jturner@sheehan.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of June 2011, I served a copy of the foregoing via the Court's ECF system on:

Roger B. Phillips
Leonard A. Bennett
Phillips Law Office, PLLC
104 Pleasant Street
Concord, NH 03301


Dated: June 1, 2011              /s/ John-Mark Turner