UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
| | |
|---|---|
| KRISTINA HEMPEL-DUBOIS | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No. 1:11-cv-00009-JD |
| | * |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | * |
| A/K/A PORTFOLIO ASSOCIATES | * |
| | * |
| Defendant. | * |

*******************************************

### DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNT FOUR OF THE FIRST AMENDED COMPLAINT

NOW COMES the Defendant, Portfolio Recovery Associates, LLC ("PRA"), by and through its counsel, Sheehan Phinney Bass + Green, P.A., and hereby submits this reply memorandum pursuant to Local Rule 7.1(e)(1).

**I.      INTRODUCTION**

Plaintiff's objection is a nine-page stream of invective and hyperbole that focuses more on the alleged nature of PRA's alleged business model than the actual events of the Laconia District Court litigation.  Of course, PRA disputes Plaintiff's version of the events and intends to prove at trial that not only did PRA have a good-faith basis to bring its collection claim, but that, in fact, Plaintiff owed the debt she now claims she is not responsible for.  For purposes of the instant motion, however, the important point is that Plaintiff's abuse of process claim fails because her allegations amount only to a claim that PRA wrongfully (and without probable cause) procured process.  As a matter of New Hampshire law, which governs, such a theory is legally insufficient.

## II. PLAINTIFF HAS ALLEGED INSUFFICIENT FACTS TO SHOW A WILLFUL ACT NOT PROPER IN THE REGULAR CONDUCT OF THE LACONIA DISTRICT COURT PROCEEDINGS

To state an abuse of process claim in New Hampshire, one must allege "a willful act in the use of process not proper in the regular conduct of the proceeding." Clipper Affiliates, Inc. v. Checovich, 138 N.H. 271, 276 (1994).  Plaintiff cites two alleged willful acts in its objection: (i) initiating the Laconia District Court collection suit "without any documentation;" and (ii) filing a petition to attach based on "blatantly false information designed to convince the court to grant the attachment."  Pl's Obj. at 7.  Neither of these acts can support abuse of process liability because abuse of process is "concerned with the improper use of process *after it has been issued*."  See 8 Richard B. McNamara, N.H. Practice: Tort and Insurance Practice, § 2.09 (2003) (emphasis added).  The initiation of a lawsuit cannot constitute the predicate "willful act" for purposes of abuse of process.  See Cabletron Sys. v. Miller, 140 N.H. 55, 58 (1995).  This is because "the gist of the tort of abuse of process . . . is not commencing an action or causing process to issue without justification, but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish.  The purpose for which the process is used, once it is issued, is the only thing of importance."  Weiss v. Hunna, 312 F.2d 711, 717 (2d Cir. 1963) (emphases added, internal quotations omitted).

In an attempt to convince this Court otherwise, Plaintiff cites to McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011).  McCollough is not controlling.  It applies Montana law, not New Hampshire's.  As stated above, in New Hampshire, abuse of process does not lie simply because the defendant commenced an action or obtained process without probable cause or without believing it had a valid claim.  The New Hampshire Supreme Court made clear in Long v. Long, 136 N.H. 25, 29-30 (1992), that such actions are the province

of a malicious prosecution claim, not abuse of process. See id. at 30 ("An action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued." (quotation omitted)); see also Restatement (Second) of Torts § 682 cmt. a ("The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings."). Plaintiff does not acknowledge the clear New Hampshire precedent, insisting that pursuing an allegedly baseless action and seeking an attachment constitutes abuse of process. See Pl. Obj. at 7. But the Court in Long v. Long specifically commented on the "process" Plaintiff is relying upon here, a petition to attach, noting that a New York court, issuing a "similar" holding to previous New Hampshire precedent, had decided that "an application for an attachment order could not constitute 'process' for purposes of an abuse of process action." See Long, 136 N.H. at 31 (citing Salamanca Trust Co. v. McHugh, 550 N.Y.S.2d 764, 766 (App. Div. 1989).

In sum, Plaintiff has merely alleged abuse of process by PRA bringing suit without documentation supporting its claim and petitioning the Laconia District Court for an attachment with false information.[1] While these allegations may support a malicious prosecution claim, they do not constitute abuse of process under New Hampshire law.

---

[1] Plaintiff also argues that "[PRA] failed to properly serve [her with] notice of the petition to attach her property in accordance with court rules." Pl's Obj. at 7. Plaintiff cites to the following language in the Laconia District Court's October 18, 2007 order as proof PRA did not serve the petition properly: "[a]t the time the Court granted the attachment it was under the impression it had been served at the same time as the writ; which turned out not to be the case." Pl's Obj. at 7. Plaintiff misunderstands the significance of this language. The district court was correct: PRA did not serve the Petition to Attach and the Writ of Summons contemporaneously. On the contrary, PRA served the Plaintiff with the Petition to Attach, by mail, after it filed the writ of summons. There is nothing wrong in New Hampshire state practice with a litigant filing a Petition to Attach after a Writ has been entered. If Plaintiff disagreed with the manner of service, the remedy was a motion to dissolve the attachment. As far as PRA is aware, the District Court never dissolved the attachment, however. In any event, and again, wrongfully obtaining process is not the same as abuse of process, as explained above.

### III. PLAINTIFF HAS ALLEGED INSUFFICIENT FACTS TO ESTABLISH PRA HAD AN ULTERIOR PURPOSE FOR FILING THE LACONIA DISTRICT COURT SUIT AND SEEKING A PETITION TO ATTACH.

As recognized by the Plaintiff, "improper purpose usually takes the form of coercion to obtain a collateral advantage, <u>not properly involved in the proceeding</u>, such as the surrender or the payment of money by the use of the process as a threat or a club." Id. at 4-5 (quoting Cabletron Sys., 140 N.H. at 57 (emphasis added)).  In this case, PRA filed a collection suit against Plaintiff to enforce two credit card debts that were in arrears.  As a result, the alleged debts *were* properly involved in the Laconia District Court proceedings.

Plaintiff insists otherwise, citing a Restatement example, where a debt collector, rather than bring a collection suit, assigns the debt to a straw who lives far away from the debtor and, under instructions from the collector, issues a subpoena at a time and place purposefully inconvenient to the debtor.  Pl's Obj. at 6.  Thus, the subpoena and subsequent enforcement mechanisms were not part of a straightforward collection suit, as in this case, but a stratagem to avoid litigation of the collection suit.  Plaintiff's Complaint contains no such allegations of an attempt to avoid litigating the merits of the collection suit.  Instead, PRA litigated its claim.  That is not abuse of process as a matter of law.

### IV. CONCLUSION

For the reasons stated above, PRA respectfully requests that the Court grant its Motion for Judgment on the Pleadings with Respect to Count Four of the First Amended Complaint.

Respectfully submitted,

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

By its attorneys,

**SHEEHAN PHINNEY BASS + GREEN
PROFESSIONAL ASSOCIATION**

Dated:  July 5, 2011        By:    /s/ John-Mark Turner
                                   John-Mark Turner, N.H. Bar. No. 15610
                                   Jason D. Gregoire, N.H. Bar No. 20092
                                   1000 Elm Street, P.O. Box 3701
                                   Manchester, NH  03101
                                   (603) 627-8150
                                   jturner@sheehan.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of June 2011, I served a copy of the foregoing via the Court's ECF system on:

Roger B. Phillips
Leonard A. Bennett
Phillips Law Office, PLLC
104 Pleasant Street
Concord, NH 03301


Dated: July 5, 2011             /s/ John-Mark Turner